M. B. WARREN, *as Administrator of the estate of Jared Mead, deceased,* V. JAMES R. JOHNSON, *et al.*

1. USURIOUS INTEREST—*Payments, How Deemed.* Under § 3, chap. 51, Comp. Laws of 1885, all payments of money made by way of usurious interest, or of inducement to contract for more than twelve per cent. per annum, whether made in advance or not, must be deemed and taken to be payments on account of the principal and twelve per cent. interest per annum.

2. ———— All contracts in writing, signed by the party bound thereby, import a consideration.

3. INTEREST—*Rate—Agreement Construed.* Where the payee and owner of a promissory note, bearing upon its face interest at twelve per cent. per annum, enters into a written agreement with the maker of the note to take only eight per cent. interest per annum from a specified date, and it is not shown that the agreement is without consideration, or induced by fraud, *held*, that the note should draw interest at only eight per cent. per annum from the specified date, in accordance with the terms of the written agreement.

*Error from Jefferson District Court.*

ACTION to recover upon a certain promissory note. Trial by the court at the May Term, 1886, and judgment for the plaintiff for $1,211.50, for $145.35 attorney-fee, and for costs. The plaintiff, claiming interest since September 13, 1881, at the rate of twelve per cent. per annum, instead of eight per cent., as allowed by the court, brings the case here.

*Keeler & Gephart,* for plaintiff in error.

*J. B. Johnson,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On September 13, 1873, Mead loaned the Johnsons one thousand dollars for three years with interest at twenty per cent. per annum. For and upon this loan he took from them one note of one thousand dollars due in three years with twelve per cent. per annum interest, payable annually, and also three notes of eighty dollars each, due in one, two and three years respectively, with interest after maturity at twelve per cent. per annum. These three notes were given for the excess of interest over twelve per cent. per annum. In 1878–9 these three notes were taken up on payment of eighty dollars for each. Commencing in 1878, payments were made from time to time and indorsed on the one-thousand-dollar note. On March 26, 1884, Mead wrote a letter to the Johnsons saying that he would take from them only eight per cent. per annum interest after September 13, 1881. He said in the letter: "Cast all interest of the note at eight per cent. since September 13, 1881." In computing the amount due on the note and mortgage sued on, the district court computed interest on the one-thousand-dollar note at twelve per cent. per annum from its date to February 9, 1878, that being the date of the payment of the first eighty-dollar note. It then subtracted eighty dollars from the result, and counted interest on the amount remaining from that date to the time when the second eighty-dollar note was paid, and subtracted as before. The same rule was followed with regard to the last eighty-dollar note. From November 3, 1879, the date when the last eighty-dollar note was paid, interest was counted on the amount remaining at twelve per cent. per annum to September 13, 1881. From the last-named date to the judgment, May 28, 1885, it was counted at eight per cent. per annum.

The only contention in the case is, as to the rate of interest since September 13, 1881. The district court allowed only eight per cent. per annum; the plaintiff claims the proper rate to be twelve per cent. The statute in force at the time

49 — 38 KAS.

of this transaction, and at the time the judgment was rendered, reads:

"All payments of money or property made by way of usurious interest, or of inducement to contract for more than twelve per cent. per annum, whether made in advance or not, shall be deemed and taken to be payments made on account of the principal and twelve per cent. interest per annum, and the courts shall render judgment for no greater sum than the balance found due after deducting the payments of money or property made as aforesaid." (Comp. Laws of 1885, ch. 51, §3.)

Prior to September 13, 1881, under this statute, only twelve per cent. interest per annum could be recovered upon the note. If the letter written by Mead on March 26, 1884, to J. R. Johnson can be considered, then the court, in accordance with its terms, properly allowed interest at the rate of eight per cent. per annum from September 13, 1881. It is said, however, that the promise to reduce the interest was without consideration, and therefore not binding; hence, that Warren, as administrator, was entitled to recover interest at the rate of twelve per cent. The letter stated that Mead had received Johnson's letter of the 15th of March, 1884. The contents of the letter of March 15 are not stated. We may assume that the letter of March 26 was an acceptance of its terms, and therefore the final agreement of the parties. This is supported by the following clause of the letter: "Keep this, and claim it at that per cent. if anyone should settle it but me." The defendants, in their answer, set up the agreement to reduce the interest to eight per cent.; and to this answer the plaintiff filed a general denial only.

It is not stated or alleged that the agreement was induced by fraud, or was without consideration. All agreements in writing import consideration; and, upon the pleadings and findings, we cannot say that the written promise or agreement was without consideration. The court below allowed interest in accordance with the terms of the letter.

In the case of *Dudley v. Reynolds*, 1 Kas. 285, referred to, the agreement was in parol, not in writing; therefore, in that

case, there was no consideration for the promise that the note should draw a rate of interest less than that specified.

The judgment of the district court will be affirmed.

All the Justices concurring.